1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| SARAH SMITH, | |
|        Plaintiff, | Case No.: |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CHECKR, INC., | |
|        Defendant. | |

## <u>COMPLAINT</u>

Plaintiff Sarah Smith ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant Checkr, Inc. ("Checkr") and

**COMPLAINT** – 1

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## **PRELIMINARY STATEMENT**

1.      This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2.      The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3.      To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

COMPLAINT – 2

4.      The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5.      Defendant Checkr has produced and sold consumer reports concerning Plaintiff's background that wrongfully reported that Plaintiff was licensed to drive only in the state of Oklahoma, despite her having a valid driver's license in Washington.

6.      As a result of Checkr's wrongful reporting, Plaintiff was damaged by, without limitation, loss of employment, suffering harm to her employment qualifications, loss of income, and considerable stress and anguish.

## PARTIES

7.      Plaintiff is a natural person and resident of the State of Washington and qualifies as a "consumer" as defined and protected by the FCRA.

8.      Defendant Checkr, Inc. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant

COMPLAINT – 3

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

Checkr is a Delaware corporation that maintains its primary place of business at 1 Montgomery Street, San Francisco, California 94104.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Washington, and violated Plaintiff's rights under the FCRA in the State of Washington as alleged more fully below.

10.     Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11.     Sometime prior to February 15, 2023, Plaintiff applied to work as a driver-partner for Uber. Plaintiff desperately needed additional income to afford her rent obligations.

12.     In this application, Plaintiff agreed that Uber could procure a background report regarding herself from Defendant.

13.     On or around February 15, 2023, Plaintiff received an email from Uber indicating that she may be ineligible for employment due to a "specific record" included in her consumer report provided by Defendant. Namely, the letter indicated

COMPLAINT – 4

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

that her eligibility was in question due to the following reporting: "License State: OK".

14.    Plaintiff was understandably confused, as she had a valid Driver License issued by the State of Washington at the time (License # WDL7R2ZFD13B)

15.    The report provided by Defendant to Uber, dated February 15, 2023, designates Plaintiff's employment consideration status as "consider". Upon information and belief, the sole basis for this designation is based the results of the report's "Motor Vehicle Report" section. The "Motor Vehicle Report" section of the report only listed Oklahoma License T08291410, License Status: Active with a License Expiration of August 31, 2023.

16.    Plaintiff was understandably shocked and confused, as she had surrendered her Oklahoma license when she obtained her Washington license, rendering the Oklahoma license invalid. At all relevant times, her Washington license was valid and verifiable.

17.    As a direct result of Defendant's inaccurate reporting, Plaintiff has been damaged.

18.    Because of the inaccurate information provided to Plaintiff's prospective employer by Defendant, Plaintiff's ability to work as a driver for Uber was removed.

COMPLAINT – 5

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

19.     As a direct result, Plaintiff has suffered severe distress and mental anguish, largely due to the frustration in losing this needed source of additional income and forcing her to scramble to find the means to make her upcoming rental payments.

20.     It is patently inaccurate and/or materially misleading to report Plaintiff's Motor Vehicle History with only a valid Oklahoma license when she had surrendered that license when obtaining a currently valid Washington driver license.

21.     Upon information and belief, had Defendant not erroneously and inaccurately reported Plaintiff's Oklahoma license on her background report, Plaintiff would not have been denied her position with Uber.

22.     Upon information and belief, Defendant fails to maintain and employ reasonable procedures to assure maximum possible accuracy of the consumer information it provides to employers.

23.     Upon information and belief, Defendant knowingly and willfully maintains deficient procedures because reporting to-the-day current information is more costly than reporting outdated information on a consumer report.

24.     For example, upon information and belief, Defendant allowed a surrendered driver license to appear on Plaintiff's consumer report, and failed to include a valid Washington driver license, without first confirming the accuracy with

**COMPLAINT** – 6

the appropriate state departments, which are readily and publicly available, and despite Plaintiff explicitly providing her valid Washington license in her dispute.

25.    Defendant regularly seeks out and procures driver history information with the intention of including it in the consumer reports it sells for profit.

26.    Defendant knows or has reason to know the effect inaccurate licensing has on a consumer's motor vehicle record.

27.    Instead of employing reasonable procedures as required by the FCRA, Defendant blindly collects information from unreliable third-party vendors to repackage and sell in its own employment screening products.

28.    Alternatively, upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is of maximum possible accuracy

29.    Defendant, a sophisticated employment screening consumer reporting agency, is aware that driver history information is often inaccurate or incomplete.

30.    Upon information and belief, Defendant purchased Plaintiff's information from one or more third-party vendors that merely compile driver data from various online sources without verifying its accuracy with actual state records.

31.    Upon information and belief, none of Defendant's third-party vendors warrant the accuracy of the information they sell.

COMPLAINT – 7

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

32.     Upon information and belief, Defendant does not exercise due diligence in ensuring it is contracting with and/or utilizing reliable third-party vendors.

33.     Upon information and belief, Defendant does not conduct periodic quality assurance audits to ensure that it is receiving reliable consumer information from its third-party vendors.

34.     Upon information and belief, Defendant has been sued by consumers under the FCRA in the past for erroneously reporting inaccurate driver records.

35.     Therefore, Defendant has notice that its procedures often result in the preparation of inaccurate consumer reports and dissemination of inaccurate consumer information.

36.     Upon information and belief, Defendant knew that the furnisher or third-party vendor provides inaccurate consumer data with some regularity.

37.     Upon information and belief, Defendant blindly relied on the information provided by the furnisher or third-party vendor despite having reason to know it may be unreliable.

38.     Upon information and belief, Defendant does not maintain reasonable procedures to assure it reports consumer information with maximum possible accuracy because it would be more expensive to independently verify the accuracy of the information it includes in its consumer reports.

COMPLAINT – 8

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

39.    It is wholly unreasonable for Defendant to maintain procedures that it knows often lead to inaccurate consumer reporting with grave consequences.

40.    Despite knowing that its procedures are unreasonable, Defendant recklessly, knowingly, and/or negligently fails to employ procedures that assure that maximum possible accuracy of consumer information compiled and published in its consumer reports.

41.    Upon information and belief, Defendant does not independently investigate the information it procures from third-party vendors before including it in consumers' background reports.

42.    Instead, Defendant has unreasonably decided that it is entitled to rely completely on third-party vendors to ensure the information included in its consumer reports is accurate.

43.    The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to prevent.

44.    Defendant knows that its services are used to make significant consumer decisions.

45.    Upon information and belief, Defendant know or should have known that employers make decisions on employment decisions on employment status based solely on the information contained in its consumer reports.

COMPLAINT – 9

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

46.     Upon information and belief, Defendant knew or should have known the negative impact that reporting an inaccurate consumer driver record was likely to have on that consumer's employment status.

47.     Upon information and belief, Defendant purchases public record information from third-party vendors.

48.     Upon information and belief, those third-party vendors explicitly disclaim the accuracy of the information they provide to Defendant.

49.     Upon information and belief, Defendant reports and publishes the information provided by the third-party vendors without verifying its accuracy.

50.     Upon information and belief, Defendant knows or has reason to know that the third-party vendors it procures consumers' information from often provides inaccurate, misleading, and incomplete records.

51.     Upon information and belief, Defendant reports and publishes unverified public records information without employing reasonable procedures to assure its accuracy because employing such procedures would cut into its profits.

52.     At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

53.     As a direct result of Defendant's conduct, Plaintiff was denied employment with Uber.

**COMPLAINT** – 10

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

54.     As a direct result of Defendant's conduct, Plaintiff lost out on income from Uber from approximately February 15, 2023 to March 9, 2023.

55.     As a further direct result of Defendant's conduct, Plaintiff suffered mental distress, including frustration, embarrassment and considerable stress from her loss in income.

56.     As a direct result of Defendant's inaccurate and/or misleading reporting, Plaintiff has suffered actual damages including, but not limited to: job denial, loss of income, wasted time, financial insecurity and emotional distress, including but not limited to, humiliation, embarrassment, stress, frustration, and mental anguish.

57.     Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

58.     Additionally, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1781o.

59.     In any event, Defendant is liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## CAUSES OF ACTION

COMPLAINT – 11

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

## COUNT I
## Violation of the FCRA, 15 U.S.C. § 1681e

60.    Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

61.    The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

62.    Checkr violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

63.    Specifically, Checkr willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by inaccurately and/or misleadingly reporting Plaintiff as having a valid Oklahoma driver license and not having a valid

COMPLAINT – 12

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

Washington driver license, both of which were inaccurate at the time the report was provided to Uber.

64.     Checkr's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein.

65.     Checkr is therefore liable to Plaintiff for its willful and/or negligent failures to follow reasonable policies and procedures.

66.     As a result of Checkr's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i.   Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii.  Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so

COMPLAINT – 13

triable.

Dated: July 13, 2023

Respectfully submitted,

By: _/s/ Michael Brubaker__
Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

Ari M. Marcus, Esq. (applying for admission pro hac vice)
Yitzchak Zelman, Esq. (applying for admission pro hac vice)
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282
Ari@MarcusZelman.com
Yzelman@MarcusZelman.com

**COMPLAINT** – 14